FILED _____ ENTERED
LODGED _____ RECEIVED

MAY  2 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

| | | |
|---|---|---|
| KEVIN M. LYNN,<br>1430 Grouse Court<br>Frederick, MD 21703<br>　　　　Plaintiff<br>　　　　　　vs. | :<br>:<br>:<br>:<br>: | Civil Action No. :　**AMD 0 6 CV 1 1 0 7** |
| | | |
| CREDIT MANAGEMENT, LP,<br>11 E. CHASE ST.<br>BALTIMORE, MD 21202<br>　　　　Defendant<br>　　and<br>RANDEL W. PHELPS,<br>4200 INTERNATIONAL PARKWAY<br>CARROLLTON, TX 75007<br>　　　　Defendant | :<br>:<br>:<br>:<br><br>:<br><br>:<br>: | |

## **Complaint**

Jurisdiction

1. This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA," 15 U.S.C. §1692a, et seq., and the Maryland Consumer Debt Collection Act, Md. Code Ann., Commercial Law § 14-201 et seq. ("MCDCA").

2. Jurisdiction in this case is founded upon 15. U.S.C. 1692k which grants the federal District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Jurisdiction is also founded upon the plaintiff's venue in this District, and the fact that defendant Credit Management, LP is a licensed collection agency in Maryland, is registered to do business in Maryland, and who attempts to collect on consumer debt in Maryland.

Parties

4. The plaintiff is Kevin M. Lynn.

5. The plaintiff is a "consumer" as defined by 15 U.S.C.

6. Defendant, Credit Management, LP, ("CMI") is a Nevada based Limited Partnership chartered as a Foreign Limited Partnership in Maryland, whose primary business is debt collection from consumers. Defendant's Limited Partnership charter was filed March 1, 2002 and has a principle place of business at 502 E John St., Carson City, NV 89706.

7. Defendant, CMI, is a debt collector as defined by MCDCA, Code Ann., Commercial Law § 14-201 et seq. as well as under the FDCPA, 15 U.S.C. §1692a(6).

8. Defendant, RANDEL W. PHELPS, is an individual residing at an unknown location and an officer or employee of CMI.

9. All defendants herein are all debt collectors as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. All defendants herein are all collectors as defined by MCDCA, Code Ann., Commercial Law § 14-201 et seq.

Cause of Action

### **Facts Common to All Counts**

11. The plaintiff is a resident of Frederick County.

12. The defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

13. All of Phelp's actions, as hereinafter averred herein, were in furtherance of the pecuniary interests, and as agent for CMI.

14. Phelps's job as Director of Collections is to locate, telephone, intimidate, and harass debtors into paying alleged debts assigned to CMI.
15. On or around December 27, 2004, defendant CMI was assigned an alleged debt for collections by their client Time Warner Morrisville ("TW").
16. On or around December 27, 2004, defendant CMI sent a postal mail to the address 5500 Fortunes Ridge Drive #10, Durham, NC 27713.
17. Plaintiff could not have lived at 5500 Fortunes Ridge Drive #10, Durham, NC 27713 at any time as the address does not exist.
18. On or around December 27, 2004, defendant CMI was or should have been aware of plaintiff's current postal mailing address of 11800 Old Georgetown Road #1526, Rockville, MD 20852.
19. On November 14, 2005, plaintiff received credit reports from Experian and TransUnion.
20. On or around April 10, 2005, the plaintiff requested a credit card from First USA. During the call, the plaintiff was ridiculed by the customer service agent for having no knowledge of a derogatory item on his credit report placed by CMI as an agent for Time Warner Morrisville.
21. On or around November 15, 2005, plaintiff sent a letter to defendant CMI regarding the alleged debt that stated the defendant was reporting false or inaccurate information, and demanded validation pursuant to the Fair Debt Collection Practices Act.
22. On or around November 18, 2005, defendant CMI did cause the plaintiff's Experian credit report to be updated to read, "Your statement: Subscriber reports dispute resolved – consumer disagrees" and "Account History: Collection as of Nov 2005, Feb 2005".
23. On or around November 18, 2005, defendant CMI did cause the plaintiff's TransUnion credit report to be updated to read, "Dispute resolved; consumer disagrees".
24. On or around November 18, 2005, defendant CMI did cause the plaintiff's Equifax credit report to be updated to read, "Consumer disputes after resolution".
25. On December 8, 2005, the defendant Phelps in his duties for defendant CMI sent a letter to the plaintiff by United States Postal Service ("USPS").
26. This aforementioned letter dated December 8, 2005, was the initial communication from defendant CMI.
27. The defendant Phelps's postal mail from December 8, 2005 stated that if an account was opened fraudulently, then "documentation is also required in the form of a lease and letter of service from a utility company prior to March 7, 2002.
28. No 30-day validation notice was sent by defendant Phelps or any employee of CMI in the 5 days following the initial communications.
29. The debt of which defendant's CMI and Phelps allege the plaintiff owes is time-barred pursuant to Maryland's statute of limitations.

## Count I – FDCPA Violation

30. All above paragraphs relevant hereto are incorporated herein by reference.
31. On or around December 10, 2005, plaintiff was contacted by the defendants via mail. A copy of the letter is attached hereto as Exhibit "A".
32. On December 21, 2005, plaintiff telephoned CMI and spoke with a customer service representative that identified herself as Sophia. A recording of the call shall be submitted into evidence during proceedings.

33. Sophia indicated CMI had knowledge that no previous initial communications existed while admitting that the letter dated December 27, 2004 was returned to CMI as a bad address.
34. The said letter dated December 8, 2005 was a written initial contact from defendant and did not afford the plaintiff the requisite notice of a 30 day validation period pursuant to 15 U.S.C. §1692g.
35. In the 5 days after December 12, CMI did not send the requisite notice of a 30 day validation period pursuant to 15 U.S.C. §1692g.
36. WHEREFORE, the Plaintiff, KEVIN M. LYNN, requests that this Court enter judgment in his favor and against defendant CREDIT MANAGEMENT, LP and RANDEL W. PHELPS as follows:
    A. Pursuant to 15 U.S.C. §1692k(a)(2)(a) award him actual damages and additional damages as the court may allow, but not exceeding $1000.00 (One Thousand Dollars) for each violation., plus
    B. Pursuant to 15 U.S.C. § 1692k(a)(3), award costs of the action and reasonable attorney fees, plus
    C. Grant such other and further relief as the court deems just and proper

### Count II – FDCPA Violation

37. All the above paragraphs relevant hereto are incorporated herein by reference.
38. On November 18, 2005, plaintiff sent the defendant a letter requesting validation of the alleged debt pursuant to his rights under 15 U.S.C. §1692g.
39. The letter from the defendants dated December 8, 2005, included the text "FEDERAL LAW REQUIRES US TO INFORM YOU THAT THIS IS AN ATTEMPT TO COLLECT A DEBT BY A PROFESSIONAL DEBT COLLECTION COMPANY, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."
40. An addition letter, sent by the defendants, dated December 16, 2005, also included the text "FEDERAL LAW REQUIRES US TO INFORM YOU THAT THIS IS AN ATTEMPT TO COLLECT A DEBT BY A PROFESSIONAL DEBT COLLECTION COMPANY, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."
41. Defendants continued collection activity in violation of 15 U.S.C. §1692g(b) by sending letters attempting to collect on the alleged debt without obtaining verification of the debt pursuant to plaintiffs rights under 15 U.S.C. §1692g(a)(4).
42. WHEREFORE, the Plaintiff, KEVIN M. LYNN, requests that this Court enter judgment in his favor and against defendant CREDIT MANAGEMENT, LP and RANDEL W. PHELPS as follows:
    A. Pursuant to 15 U.S.C. §1692k(a)(2)(a) award him actual damages and additional damages as the court may allow, but not exceeding $1000.00 (One Thousand Dollars) for each violation., plus
    B. Pursuant to 15 U.S.C. § 1692k(a)(3), award costs of the action and reasonable attorney fees, plus
    C. Grant such other and further relief as the court deems just and proper

### Count III – FDCPA Violation

43. All the above paragraphs relevant hereto are incorporated herein by reference.
44. In the defendant's letter dated December 8, 2005, defendant Phelps stated that if an account was opened fraudulently, then "documentation is also required in the form of a lease and letter of service from a utility company prior to March 7, 2002.
45. The aforementioned statement is false, deceptive, or misleading as the defendant has no legal basis or right to require any documentation, other than identify theft affidavit, from the plaintiff regardless of whether the account was fraudulent or not.
46. WHEREFORE, the Plaintiff, KEVIN M. LYNN, requests that this Court enter judgment in his favor and against defendant CREDIT MANAGEMENT, LP and RANDEL W. PHELPS as follows:
    A. Pursuant to 15 U.S.C. §1692k(a)(2)(a) award him actual damages and additional damages as the court may allow, but not exceeding $1000.00 (One Thousand Dollars) for each violation., plus
    B. Pursuant to 15 U.S.C. § 1692k(a)(3), award costs of the action and reasonable attorney fees, plus
    C. Grant such other and further relief as the court deems just and proper

## Count IV – FCRA and FDCPA Violation

47. All the above paragraphs relevant hereto are incorporated herein by reference.
48. On or around November 23, 2005, defendants verified to Experian, a national credit reporting agency, that the information disputed by the plaintiff was accurate.
49. Defendants failed to conduct a proper investigation in violation of 15 U.S.C.A. § 1681s-2(b)(1) by verifying the disputed information on Plaintiff's Experian credit report as correct without conducting an investigation of the dispute with Time Warner Morrisville.
50. Defendants continued collection activity in violation of 15 U.S.C. §1692g(b) by modifying the status, dates, and comments of the disputed tradeline on plaintiff's Experian credit report without providing a copy of the verification originating from Time Warner Morrisville pursuant to plaintiffs rights under 15 U.S.C. §1692g(b).
51. WHEREFORE, the Plaintiff, KEVIN M. LYNN, requests that this Court enter judgment in his favor and against defendant CREDIT MANAGEMENT, LP and RANDEL W. PHELPS as follows:
    A. Pursuant to 15 U.S.C. §1692k(a)(2)(a) award him actual damages and additional damages as the court may allow, but not exceeding $1000.00 (One Thousand Dollars) for each violation., plus
    B. Pursuant to 15 U.S.C. §1681n(a)(1)(a) award him actual damages, or not less than $100.00 (One Hundred Dollars) and not more than $1,000.00 (One Thousand Dollars), plus
    C. Pursuant to 15 U.S.C. § 1692k(a)(3), award costs of the action and reasonable attorney fees, plus
    D. Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees, plus
    E. Grant such other and further relief as the court deems just and proper

## Count V – FCRA and FDCPA Violation

52. All the above paragraphs relevant hereto are incorporated herein by reference.
53. On or around November 30, 2005, defendants made a note in Equifax, a national credit reporting agency, that the CMI tradeline was in dispute and under investigation.
54. On or around December 2, 2005, defendants verified to Equifax that the information disputed by the plaintiff was accurate.
55. Defendants failed to conduct a proper investigation in violation of 15 U.S.C.A. § 1681s-2(b)(1) by verifying the disputed information on plaintiff's Equifax credit report as correct without conducting an investigation of the dispute with Time Warner Morrisville.
56. Defendants continued collection activity in violation of 15 U.S.C. §1692g(b) by modifying the status, dates, and comments of the disputed tradeline on plaintiff's Equifax credit report without providing a copy of the verification originating from Time Warner pursuant to plaintiffs rights under 15 U.S.C. §1692g(b).
57. WHEREFORE, the Plaintiff, KEVIN M. LYNN, requests that this Court enter judgment in his favor and against defendant CREDIT MANAGEMENT, LP and RANDEL W. PHELPS as follows:
    A. Pursuant to 15 U.S.C. §1692k(a)(2)(a) award him actual damages and additional damages as the court may allow, but not exceeding $1000.00 (One Thousand Dollars) for each violation., plus
    B. Pursuant to 15 U.S.C. §1681n(a)(1)(a) award him actual damages, or not less than $100.00 (One Hundred Dollars) and not more than $1,000.00 (One Thousand Dollars), plus
    C. Pursuant to 15 U.S.C. § 1692k(a)(3), award costs of the action and reasonable attorney fees, plus
    D. Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees, plus
    E. Grant such other and further relief as the court deems just and proper

## Count VI – FCRA and FDCPA Violation

58. All the above paragraphs relevant hereto are incorporated herein by reference.
59. On or around November 23, 2005, defendants verified to Transunion, a national credit reporting agency, that the information disputed by the plaintiff was accurate.
60. Defendants failed to conduct a proper investigation in violation of 15 U.S.C.A. § 1681s-2(b)(1) by verifying information as correct without conducting an investigation of the dispute with Time Warner Morrisville.
61. Defendants continued collection activity in violation of 15 U.S.C. §1692g(b) by modifying the status, dates, and comments of the disputed tradeline on plaintiff's Transunion credit report without providing a copy of the verification originating from Time Warner Morrisville pursuant to plaintiffs rights under 15 U.S.C. §1692g(b).
62. WHEREFORE, the Plaintiff, KEVIN M. LYNN, requests that this Court enter judgment in his favor and against defendants CREDIT MANAGEMENT, LP and RANDEL W. PHELPS as follows:
    A. Pursuant to 15 U.S.C. §1692k(a)(2)(a) award him actual damages and additional damages as the court may allow, but not exceeding $1000.00 (One Thousand Dollars) for each violation., plus

B.  Pursuant to 15 U.S.C. §1681n(a)(1)(a) award him actual damages, or not less than $100.00 (One Hundred Dollars) and not more than $1,000.00 (One Thousand Dollars), plus

C.  Pursuant to 15 U.S.C. § 1692k(a)(3), award costs of the action and reasonable attorney fees, plus

D.  Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees, plus

E.  Grant such other and further relief as the court deems just and proper

## Claim for Relief

63. Defendants violated 15 U.S.C. §1692g by not providing the requisite notice of a 30 day validation period in the initial communications dated December 8, 2005.

64. Defendants violated 15 U.S.C. §1692g by not providing the requisite notice of a 30 day validation period within the 5 days after Plaintiff received Defendants letter on December 12.

65. Defendants violated of 15 U.S.C. §1692g(b) by continuing collection activity in sending letters attempting to collect on the alleged debt without obtaining verification of the debt pursuant to plaintiffs rights under 15 U.S.C. §1692g(a)(4).

66. Defendants violated 15 U.S.C. §1692e(10) by falsely claiming in the letter dated December 8 that the plaintiff bears the burden of proof of identity theft by providing "a lease and letter of service from a utility company for prior to March 7, 2002" in addition to the mandatory identity theft affidavit and police report.

67. Defendants violated MCDCA § 14-202(8) by claiming they have a right to demand "a lease and letter of service from a utility company for prior to March 7, 2002" for proof of identity theft when no right exists.

68. Defendants violated 15 U.S.C.A § 1681s-2(b)(1) by verifying the disputed information on plaintiff's Equifax credit report as correct without conducting an investigation of the dispute with Time Warner Morrisville.

69. Defendants violated 15 U.S.C. § 1692g(b) by modifying the status, dates, and comments of the disputed tradeline on plaintiff's Equifax credit report without providing a copy of documents originating from Time Warner Morrisville validating the debt.

70. Defendants violated 15 U.S.C.A § 1681s-2(b)(1) by verifying the disputed information on plaintiff's Experian credit report as correct without conducting an investigation of the dispute with Time Warner Morrisville.

71. Defendants violated 15 U.S.C. § 1692g(b) by modifying the status, dates, and comments of the disputed tradeline on plaintiff's Experian credit report without providing a copy of documents originating from Time Warner Morrisville validating the debt.

72. Defendants violated 15 U.S.C.A § 1681s-2(b)(1) by verifying the disputed information on plaintiff's Transunion credit report as correct without conducting an investigation of the dispute with Time Warner Morrisville.

73. Defendants violated 15 U.S.C. § 1692g(b) by modifying the status, dates, and comments of the disputed tradeline on plaintiff's Transunion credit report without providing a copy of documents originating from Time Warner Morrisville validating the debt.

74. The actions of the defendants caused the plaintiff to suffer emotional distress, humiliation, loss of enjoyment in his normal life and activities, and frequent illness, causing his performance at work to suffer.

75. The actions of the defendants caused the plaintiff to have an increased FICO score. The increased FICO score caused the plaintiff to suffer actual damages due to higher interest rates on a $420,000.00 house mortgage.

## SUMMARY OF DAMAGES AND RELIEF PRAYED FOR

76. Plaintiff therefore prays the Court to enter Judgment in his favor and against Credit Management, LP and RANDEL W. PHELPS in the amount of:

    A. Under Count 1, Three Thousand ($3,000.00) Dollars Statutory Damages, plus

    B. Under Count 2, Three Thousand ($3,000.00) Dollars Statutory Damages, plus

    C. Under Count 3, Three Thousand ($3,000.00) Dollars Statutory Damages, plus

    D. Under Count 4, Three Thousand ($3,000.00) Dollars Statutory Damages, plus

    E. Under Count 5, Three Thousand ($3,000.00) Dollars Statutory Damages, plus

    F. Under Count 6, Three Thousand ($3,000.00) Dollars Statutory Damages, plus

    G. Under Count 6, Twenty Four Thousand Four Hundred ($24,400.00) Dollars Actual Damages, plus

    H. Costs and Attorneys fees of this action under Counts 1, 2, 3 , 4, 5, and 6 plus

    F. Punitive Damages under Counts 1, 2, 3, 4, 5, and 6 as the Court may deem just and proper, plus

    G. Injunctive Relief under Counts 1, 2, 3, 4, 5, and 6 as the Court may deem just and proper, plus

    H. Any and all other relief to which Plaintiff may be entitled, including the right to amend this Compliant to add additional claims and/or additional parties after conducting appropriate Discovery.

4/29/06

Kevin M Lynn
1430 Grouse Court
Frederick, MD 21703
240-421-1774 - Mobile
~~301-468-3450~~ kml
301-620-2250 - Home